FILED
9/11/2024
KSR
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

1:24-cr-00426
Judge John J. Tharp, Jr
Magistrate Judge Heather K. McShain
RANDOM/CAT. 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>YOUSEF ABUBAKER | Violation: Title 18, United States Code, Section 1343<br><br>**UNDER SEAL** |

## COUNT ONE

The SPECIAL APRIL 2024 GRAND JURY charges:

1.  At times material to this indictment:

    a.  Defendant YOUSEF ABUBAKER was employed by Victim A, an individual residing in Lake County, Illinois, as a private or personal driver.

    b.  Victim A owned and operated Company A, a construction company organized in the state of Illinois.

    c.  Company A held a bank account with Financial Institution A, for which Victim A was the sole signatory.

    d.  Victim A provided ABUBAKER with Company A's account information at Financial Institution A, including the personal identification number, for the limited purpose of having ABUBAKER assist Victim A in conducting certain specific financial transactions. As part of his work for Victim A, ABUBAKER also obtained information from Victim A about Victim A's personal credit cards with Financial Institution B and Financial Institution C.

1

2. Beginning in or around July 2019 and continuing through in or around July 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

YOUSEF ABUBAKER,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that ABUBAKER fraudulently obtained approximately $2,850,957 from Company A's bank account at Financial Institution A by accessing the account to make unauthorized payments to credit cards in ABUBAKER's name that were used for his own personal benefit.

4. It was further part of the scheme that, after receiving Company A's account information at Financial Institution A from Victim A, ABUBAKER decided to use that information to cause wire transfers from Company A's account to pay ABUBAKER's credit cards without Victim A's knowledge or consent.

5. It was further part of the scheme that, after learning about Victim A's personal credit cards at Financial Institution B and Financial Institution C, ABUBAKER opened credit cards in his own name at those institutions, and caused payments from Company A's accounts to pay those credit cards in his name, to conceal and disguise his misappropriation of funds from Company A.

6. It was further part of the scheme that ABUBAKER, without Victim A's knowledge or consent, linked his personal credit cards to Company A's bank account with Financial Institution A, in order to use Company A's money to pay off his personal credit cards without Victim A detecting ABUBAKER's fraudulent use of Company A's money.

7. It was further part of the scheme that ABUBAKER knowingly concealed material facts from Victim A, including that he had access to Company A's bank account with Financial Institution A, and was using his access to misappropriate money belonging to Company A.

8. It was further part of the scheme that ABUBAKER misappropriated money belonging to Company A for personal expenditures, including for travel and limousine transportation.

9. It was further part of the scheme that ABUBAKER misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence, purpose, and acts done in furtherance of the scheme.

10. As a result of the scheme, ABUBAKER fraudulently misappropriated approximately $2,850,957 from Company A.

11. On or about August 29, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

YOUSEF ABUBAKER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of $29,061.05, from Company A's bank account with Financial Institution A, through the automated clearing house payment system, to an account belonging to ABUBAKER at Financial Institution B;

In violation of Title 18, United States Code, Section 1343.

## COUNT TWO

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One are incorporated here.

2. On or about October 25, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

YOUSEF ABUBAKER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of $30,160.32, from Company A's bank account with Financial Institution A, through the automated clearing house payment system, to an account belonging to ABUBAKER at Financial Institution B;

In violation of Title 18, United States Code, Section 1343.

## **COUNT THREE**

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One are incorporated here.

2. On or about November 8, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

YOUSEF ABUBAKER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of $25,201.71, from Company A's bank account with Financial Institution A, through the automated clearing house payment system, to an account belonging to ABUBAKER at Financial Institution B;

In violation of Title 18, United States Code, Section 1343.

## **COUNT FOUR**

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One are incorporated here.

2. On or about November 29, 2022, in the Northern District of Illinois, Eastern Division, and elsewhere,

YOUSEF ABUBAKER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of $32,442.04, from Company A's bank account with Financial Institution A, through the automated clearing house payment system, to an account belonging to ABUBAKER at Financial Institution B;

In violation of Title 18, United States Code, Section 1343.

## COUNT FIVE

The SPECIAL APRIL 2024 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 10 of Count One are incorporated here.

2. On or about January 23, 2023, in the Northern District of Illinois, Eastern Division, and elsewhere,

YOUSEF ABUBAKER,

defendant herein, for the purpose of executing the above-described scheme, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, and signals, namely, an interstate wire transfer of $32,250.25, from Company A's bank account with Financial Institution A, through the automated clearing house payment system, to an account belonging to ABUBAKER at Financial Institution B;

In violation of Title 18, United States Code, Section 1343.

## **FORFEITURE ALLEGATION**

The SPECIAL APRIL 2024 GRAND JURY further alleges:

1. Upon conviction of an offense in violation of Title 18, United States Code, Section 1343, as set forth in this Indictment, defendant shall forfeit to the United States of America any property which constitutes and is derived from proceeds traceable to the offense, as provided in Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c). The property to be forfeited includes, but is not limited to, a personal money judgment in the amount of approximately $2,850,957.

2. If any of the property described above, as a result of any act or omission by the defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, as provided in Title 21, United States Code Section 853(p).

A TRUE BILL:

_____

FOREPERSON

_____

Signed by Jason A. Yonan on behalf of the
ACTING UNITED STATES ATTORNEY